UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
WAYNE R. HOLT,                                  :
                                                :     CASE NO. 1:12-CV-2369
            Plaintiff,                          :
                                                :
vs.                                             :     OPINION & ORDER
                                                :     [Resolving Doc. Nos. 1, 17, 18, & 19]
COMMISSIONER OF                                 :
SOCIAL SECURITY,                                :
                                                :
            Defendant.                          :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Magistrate Judge James R. Knepp, II recommends this Court affirm the Social Security Commissioner's denial of supplemental security income and disability insurance benefits to Plaintiff Wayne R. Holt.[1] Because substantial evidence supported the Administrative Law Judge's (ALJ) conclusion that Plaintiff Holt was not disabled and because the ALJ did not abuse her discretion in concluding that cognitive testing was unnecessary, the Court **ADOPTS** the recommendations of the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits.

**I. Background**

On January 2, 2009, Plaintiff Holt filed applications for supplemental security income and disability insurance benefits. With the application, Holt said he was disabled because of herniated discs resulting from a car accident on September 6, 2008.[2] On September 28, 2010, at a hearing before ALJ Sue Leise, Holt was represented by counsel.[3]

---

[1] Doc. 17.

[2] Doc. 11 at 155, 158, 205. Although there appears to be some confusion over the date of filing of Plaintiff Holt's applications for supplemental security income and disability insurance benefits (the denial of which is now being appealed), it appears that Plaintiff Holt's applications that ALJ Sue Leise considered were actually made on January 2, 2009. *See id.*

[3] *Id.* at 27.

Case No. 1:12-CV-2369
Gwin, J.

At the hearing, Plaintiff Holt's counsel said Plaintiff was seeking to receive disability under Disability Impairment Listing ("Listing") 1.04[4/] for a spinal disorder. Holt alternatively asked to be sent for cognitive testing under Listing 12.05C.[5/]

At the ALJ hearing, Plaintiff Holt also testified.[6/] In addition to testifying about his back pain, Holt said that he had taken special education classes in high school.[7/] He said that his last job was at Lube Stop doing oil changes and rotating and fixing tires.[8/] He said that he stopped working after a car accident.[9/] Holt testified about his prior jobs, including working at Walmart's tire lube express department and as a food picker at Sherwood Food Distributors.[10/] Plaintiff Holt said that he typically spent his days watching television, doing crossword puzzles, listening to the radio, and occasionally going out to shops.[11/]

At the end of the hearing, Plaintiff's counsel raised Psychologist Suzanne Castro's evaluation of Plaintiff Holt.[12/] Dr. Castro had examined Plaintiff in connection with an earlier application for supplemental security income and disability insurance benefits.[13/] In her notes, she indicated that "Clmt is alleging back pain (assessed separately) and being a slow learner. No school records were received. . . . Psych CE with intelligence testing is needed, as well as ADL information, and therefore there is insufficient evidence to determine severity and functional limitations of clmt's psych

---

[4/] 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 1.04.
[5/] Doc. 11 at 32-34. *See also* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05.
[6/] Doc. 11 at 33-52.
[7/] *Id.* at 35.
[8/] *Id.* at 36-37.
[9/] *Id.*
[10/] *Id.* at 37-39.
[11/] *Id.* at 44-45.
[12/] *Id.* at 60.
[13/] *Id.* at 60, 307-20.

Case No. 1:12-CV-2369
Gwin, J.

allegations."[14]

After referencing Dr. Castro's exam, Plaintiff's counsel requested permission to provide additional evidence regarding Plaintiff's mental capability and brief Plaintiff's position on this issue.[15] The ALJ agreed to allow this.[16] Though Plaintiff Holt ultimately submitted his school records for consideration,[17] it does not appear that he ever submitted such a brief.

On December 23, 2010, the ALJ issued her decision.[18] In addition to finding that degenerative disc disease did not disable Plaintiff under Listing 1.04, the ALJ found Holt did not show a medically determinable learning or intellectual functioning impairment.[19] Although Plaintiff Holt had received poor grades, the ALJ reasoned that Holt's poor attendance (missing 89 days of school in one year) likely contributed to this. The ALJ also found Holt did not show that he had specialized learning plans to confirm Holt's participation in special education.[20]

In addition, ALJ Leise found no reference from Holt's treating physicians of concern about his intellectual functioning.[21] The ALJ noted that Plaintiff Holt appeared to be able to (1) provide information to his doctors, (2) understand his prescribed treatment, and (3) correctly complete application forms for disability benefits.[22] From this evidence – and without ordering cognitive testing – ALJ Leise concluded that Plaintiff Holt did not qualify as disabled under any of the impairment listings.[23]

---

[14] *Id.* at 319.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 254-256.
[18] Doc. 11 at 13-21.
[19] *Id.* at 15-16.
[20] *Id.* at 16.
[21] *Id.*
[22] *Id.*
[23] *Id.*

Case No. 1:12-CV-2369
Gwin, J.

Holt appealed the ALJ's decision to the Appeals Council of the Social Security Administration.[24] On August 30, 2012, the Appeals Council denied his request for review.[25] Holt thereafter sought review in this Court.[26] On August 6, 2013, Magistrate Judge Knepp issued his Report and recommended the Commissioner's decision be affirmed.[27] Holt objected to the Report and Recommendation,[28] and the Commissioner filed a response on September 3, 2013.[29] The case is now ripe for decision.

## II. Legal Standards

To establish disability under the Social Security Act, a claimant must show that she is unable to engage in any substantial gainful activity because of a "medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months."[30] Agency regulations establish a five-step sequential evaluation for use in determining whether a claimant is disabled. The claimant's impairment must prevent him from doing him previous work, as well as any other work existing in significant numbers in the national economy.[31]

The Federal Magistrates Act requires a district court to conduct *de novo* review of the claimant's objections to a report and recommendation.[32] A final decision of the Social Security Commissioner made by an ALJ is, however, not reviewed *de novo*. A district court only determines

---

[24] *Id.* at 9.
[25] *Id.* at 1-5.
[26] Doc. 1.
[27] Doc. 17.
[28] Doc. 18.
[29] Doc. 19.
[30] *See* 42 U.S.C. §§ 423(d)(1)(A), 1382(c)(a)(3)(A).
[31] *Id.*
[32] 28 U.S.C. § 636(b)(1).

-4-

Case No. 1:12-CV-2369
Gwin, J.

whether the ALJ's decision is "supported by substantial evidence and was made pursuant to proper legal standards."[33]

Substantial evidence is evidence that a "reasonable mind might accept as adequate to support a conclusion."[34] The substantial evidence standard requires more than a scintilla, but less than a preponderance of the evidence.[35] In deciding whether substantial evidence supports the ALJ's decision, a court should not try to resolve conflicts in evidence or decide questions of credibility.[36] The district court may look into any evidence in the record, regardless of whether it has been cited by the ALJ.[37] When substantial evidence supports the ALJ's decision, a court may not reverse, even if the court would have made a decision different than the ALJ made.[38]

### III. Analysis

Plaintiff Holt raises only one objection to Magistrate Judge Knepp's Report and Recommendation.[39] He says that the ALJ breached her duty to develop the record by failing to order intellectual functional testing for Plaintiff.[40]

The Court disagrees.

**A.    No Special Duty To Develop The Record**

Plaintiff Holt says that the ALJ had a duty to develop the record and failed to do so by not

---

[33] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[34] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted).
[35] *See id.*
[36] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[37] *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).
[38] *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987).
[39] Doc. 18 at 3.
[40] *Id.* at 1-3.

-5-

Case No. 1:12-CV-2369
Gwin, J.

ordering cognitive testing for Plaintiff.[41] Holt says that his counsel raised the issue of cognitive testing at the hearing before the ALJ and ALJ Leise erred when she did not order testing.[42] He says that his testimony at the hearing provided "at least a suspicion of cognitive deficiencies."[43] The Court finds that none of these complaints have merit.

Social Security proceedings are "inquisitorial rather than adversarial," so an ALJ has a duty "to investigate the facts and develop the arguments both for and against granting benefits . . . ."[44] Ordinarily, however, an ALJ may use her discretion to decide whether a need exists for further evidence like additional testing or an additional medical opinion.[45] "Only under special circumstances, when a claimant is without counsel, not capable of presenting an effective case, and unfamiliar with hearing procedures does the ALJ have a special duty to develop the record."[46]

The Court finds that these circumstances are not applicable here. Plaintiff Holt was represented by counsel at the ALJ hearing. Holt was also familiar with the disability benefits application process.[47] At the hearing, Plaintiff's attorney questioned Holt and had opportunity to question the vocational expert.[48] Plaintiff's counsel made opening and closing statements and received permission to brief Plaintiff Holt's mental condition and to brief Holt's request for intelligence testing.[49] Plaintiff Holt is not an unsophisticated claimant for whom the ALJ has a

---

[41] *Id.* at 5-6.
[42] *Id.* at 6.
[43] *Id.*
[44] *Sims v. Apfel*, 530 U.S. 103, 110-11(2000) (citation omitted).
[45] *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (citing 20 C.F.R. §§ 404.1517, 416.917).
[46] *Rise v. Apfel, Comm'r of Soc. Sec.*, No. 99-6164, 2000 WL 1562846, at *2 (6th Cir.2000) (citing *Lashley v. Sec'y of Health & Human Svcs.*, 708 F.2d 1048, 1051-52 (6th Cir.1983)).
[47] At other times, Plaintiff has filed other applications for supplemental security income and disability insurance benefits. *See, e.g.,* Doc. 11 at 135-54.
[48] *Id.* at 47-51, 59.
[49] *Id.* at 60.

Case No. 1:12-CV-2369
Gwin, J.

"special duty" to develop the record.

**B.     No Failure to Develop the Record**

Because the ALJ did not have a special duty to develop the record, the special circumstances of this case control whether the ALJ failed to adequately develop the record.[50] If a sufficiently complete record exists so as to allow an ALJ to make a disability determination, the ALJ has no duty to order supplemental testing.[51]

Here, Plaintiff Holt says that the ALJ needed professional help to decide that Plaintiff's intellectual functioning was not severe.[52] The Court finds, however, that substantial evidence in the record supported the ALJ's decision not to order cognitive testing. As described below, even with cognitive testing, Plaintiff Holt could not have qualified as disabled under Listing 12.05C. Therefore, the ALJ had a sufficiently complete record, and the ALJ did not abuse her discretion when she did not order cognitive testing.

**1.     Plaintiff Holt Did Not Meet Listing 12.05C**

To be rendered disabled under Listing 12.05C, an individual must (1) have a valid IQ score between 60 and 70; (2) suffer from another impairment causing a significant work-related limitation of function; and (3) fit the "diagnostic description"[53] – that is, he must exhibit "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested

---

[50] *Lashley*, 708 F.2d at 1052 ("There is no bright line test for determining when the administrative law judge . . . failed to fully develop the record.").

[51] *Landsaw v. Sec'y of Health & Human Svcs.*, 803 F.2d 211, 214 (6th Cir.1986) ("The regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination.").

[52] Doc. 18 at 7.

[53] *West v. Comm'r of Soc. Sec.*, 240 Fed. App'x. 692, 697-98 (6th Cir. 2007). *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05; *Foster*, 279 F.3d at 354-55.

-7-

Case No. 1:12-CV-2369
Gwin, J.

. . . before age 22."[54/] With respect to the requirements of the diagnostic description, a claimant must satisfy three factors: "(1) subaverage intellectual functioning; (2) onset before age twenty-two; (3) and adaptive skills limitations."[55/] "Adaptive skills limitations" refers to "a claimant's effectiveness in areas such as social skills, communications skills, and daily-living skills."[56]

Plaintiff Holt says that Magistrate Judge Knepp's Report and Recommendation fails to take into consideration the step 3 finding, because "[t]he Commissioner's regulation require valid I.Q. testing in order to evaluate the extent of Plaintiff's mental disorder."[57/] Scoring on an IQ test alone, however, is not sufficient to satisfy Listing 12.05C.[58/] Thus, while the an I.Q. test may be helpful to show the severity of a mental disorder, it does not prove qualification for supplemental security income and disability insurance benefits.

Here, the Court finds that substantial evidence supports the ALJ's finding that Plaintiff Holt could not meet the diagnostic description and no I.Q. test was required.

### a. No Onset Before Age 22

The Court finds that no evidence establishes that Plaintiff Holt suffered an onset of mental disability before age 22. Holt's school records give the only evidence regarding Holt before the age of 22. Holt's school records, however, do not show subaverage intellectual functioning or adaptive skills limitations.

---

[54/] 20 C.F.R. Pt. 404, Subpt. P, App'x 1 § 12.05. *See West*, 240 Fed. App'x at 697-98; *Foster*, 279 F.3d at 354-55.

[55/] *Hayes v. Comm'r of Soc. Sec.*, 357 F. App'x 672, 674-75 (6th Cir. 2009).

[56/] *Id.* at 677 (citing *Heller v. Doe*, 509 U.S. 312, 329 (1993) (quoting Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 28-29 (3d rev. ed.1987)).

[57/] Doc. 18 at 8 (citing 20 C.F.R., Pt. 404 Subpt. P, App'x 1 Section 12.00D).

[58/] *Foster*, 279 F.3d at 355 (denying request for supplemental testing where plaintiff did not show her general intellectual functioning to have been "significantly subaverage" before age 22); *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 4 (6th Cir. 2004) ("IQ scores . . . without more, do[ ] not satisfy the requirements of Listing 12.05C.").

-8-

Case No. 1:12-CV-2369
Gwin, J.

Rather, Holt's school records show poor school attendance and bad grades. Though Holt received extremely bad grades, he missed 89 days of school in one year.[59] The days he missed comprise almost half of the school year.[60] The school records contain no confirmation of Plaintiff Holt's participation in special education; they contain no evaluation reports or individualized education plans for Holt.[61]

In spite of the opportunity to do so,[62] Plaintiff Holt provided no other evidence suggesting he suffered from a mental disability that manifested itself before age 22.[63] The Sixth Circuit "has never held that poor academic performance, in and of itself, is sufficient to warrant a finding of onset of subaverage intellectual functioning before age twenty-two."[64] Without satisfying this requirement, Holt could not be rendered disabled under Listing 12.05C.[65]

    **b.    No Subaverage Intellectual Functioning Or Adaptive Skills Limitation**

The Court also finds substantial evidence that Plaintiff Holt did not have subaverage intellectual functioning or adaptive skills limitation under Listing 12.05's diagnostic definition. As Magistrate Judge Knepp noted, Holt's treating doctors did not indicate concern with Plaintiff Holt's mental functioning or ability to understand instructions.[66] The evidence shows that he "seem[ed] to

---

[59] Doc. 11 at 254.
[60] Ohio Rev. C. § 3313.48 (setting the minimum length of the school year for Ohio public schools at 182 days).
[61] Doc. 11 at 256.
[62] *Id.* at 60 (granting Plaintiff's request to brief Plaintiff Holt's position about the need for intelligence testing).
[63] Plaintiff Holt says that the Social Security Commissioner should not "chastise [Plaintiff] with a mental impairment for the exercise of poor judgment in seeking rehabilitation." Doc. 18 at 8. The Court finds no evidence of such chastisement. As is described below, the record evidence does not suggest Plaintiff Holt has subaverage intellectual functioning or adaptive skills limitations as required under Listing 12.05C.
[64] *Sandlin v. Astrue*, 11-cv-458, 2012 WL 2030175, at *10 (S.D. Ohio June 6, 2012) (quoting *Hayes*, 357 F. at 676).
[65] *See West*, 240 F. App'x at 698 (affirming, in part, because claimant offered no evidence of onset before age twenty-two).
[66] Docs. 11 at 331; 17 at 25.

-9-

Case No. 1:12-CV-2369
Gwin, J.

have a good understanding of how to use his TENS unit after instruction."[67] Additionally, Holt previously performed semi-skilled work, and physical (not mental) ailments eventually caused his separation from his job.[68] Holt did not describe cognitive difficulties with his last job nor with his previous employment.

Further, substantial evidence suggests that Holt does not have adaptive skills problems. An assessment of whether an individual suffers from an adaptive skills limitation turns on his effectiveness in areas such as "social skills, communication, and daily living skills . . . ."[69] At the ALJ hearing Holt effectively comprehended and answered the ALJ's questions. Evidence also shows Holt bathes himself, does crossword puzzles, tries to do at-home therapeutic treatment, and occasionally shops.[70]

Plaintiff Holt seems to suggest that such evidence is outweighed by Dr. Castro's reference to a need for cognitive testing. The Court finds that this is not the case. Dr. Castro's notes indicate that "Psych CE with intelligence testing is needed, as well as ADL information, and therefore there is insufficient evidence to determine severity and functional limitations of clmt's psych allegations."[71] As Magistrate Judge Knepp noted, this statement was made in connection with a prior disability application where Plaintiff Holt said he suffered from being a "slow learner;"[72] that prior application appears to have been denied without finding a need for cognitive testing.[73] Most important, no opinion evidence definitively suggests Plaintiff Holt suffered from a mental

---

[67] Docs. 11 at 331; 17 at 25.
[68] Docs. 11 at 205; 17 at 25 n.3.
[69] *Heller*, 509 U.S. at 329 (quoting Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 28-29 (3d rev. ed. 1987)).
[70] Doc. 11 at 43-44.
[71] *Id.* at 319.
[72] *Id.* at 201; 319. *See also* Doc. 17 at 25.
[73] Doc. 11 at 201.

Case No. 1:12-CV-2369
Gwin, J.

disability.[74] Thus, substantial evidence supports the ALJ's apparent decision to give little or no weight to Dr. Castro's notes.

Taken as a whole, all of this evidence indicates that, even with further testing, Plaintiff Holt would not be able to meet the requirements for disability under Listing 12.05C.

### 2. No Abuse of Discretion

In light of the above, the Court finds that the record had been sufficiently developed. Plaintiff Holt says that Magistrate Judge Knepp's Report and Recommendation provides impermissible *post hoc* rationales for the ALJ's decision.[75] The Court finds this is not the case. In her decision, the ALJ specifically considered Plaintiff Holt's school records, interactions with his medical providers, and ability to complete the disability benefits application process.[76]

Though Plaintiff Holt complains that the ALJ made no reference to Dr. Castro in her decision, an ALJ is not required to discuss all record evidence.[77] "[A]n ALJ's failure to cite specific evidence does not indicate that it was not considered."[78] In light of the record evidence, therefore, the Court finds that the ALJ did not abuse her discretion in denying Holt's request for cognitive testing.

## C. Harmless Error

Even if the ALJ had failed to develop the record in this case, which the Court finds that she did not, no remand would be required. "[W]hen an ALJ fails to develop the record . . . courts need

---

[74] *Cf. Pollard v. Comm'r of Soc. Sec.*, 10-cv-714, 2012 WL 95426, at *5 (S.D. Ohio Jan. 12, 2012) (finding the ALJ had no duty to order additional intelligence testing where the record did not contain any opinion evidence suggesting plaintiff had a mental disability or had significantly subaverage intellectual functioning).
[75] Doc. 18 at 6.
[76] Doc. 11 at 16.
[77] See *Simons v. Barnhart*, 114 F. App'x, 727, 733 (6th Cir.2004) (quoting *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir.2000)).
[78] *Id.*

-11-

Case No. 1:12-CV-2369
Gwin, J.

not remand if the error was harmless – that is, if substantial evidence already in the record supports the ALJ's decision."[79] Here, even if (1) the ALJ had ordered the cognitive testing for Plaintiff Holt and (2) he tested at an IQ between 60 and 70, Holt would not have been rendered disabled under Listing 12.05C. Holt still would have failed to meet the requisite threshold for the diagnostic description for the reasons described above. Any error that the ALJ may have committed with regard to developing the record as to Plaintiff would have been harmless.

### IV. Conclusion

For the reasons above, the Court **ADOPTS** the recommendations of the Magistrate Judge and **AFFIRMS** the Commissioner's denial of benefits.

IT IS SO ORDERED.

Dated: September 4, 2013           s/ *James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[79] *Alvarez ex rel. J.A. v. Astrue*, 09-cv-00839, 2010 WL 3370396, at *4 (N.D. Ohio Aug. 25, 2010) (citing *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x, 456, 461-62 (6th Cir.2005)). *But see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 750 (6th Cir.2007) (refusing to invoke harmless error exception where the ALJ entirely failed to address the primary treating physician's opinion fearing "the exception swallow up the rule.").